IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN DOE | * | |
| | * | |
| v. | * | Civil No. CCB-20-1815 |
| | * | |
| CATHOLIC RELIEF SERVICES | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM**

Now pending are plaintiff John Doe's motions to proceed pseudonymously (ECF 4) and for leave to file the version of the complaint that includes his identity under seal (ECF 5). The motions are fully briefed, and no hearing is necessary. For the reasons explained below, the motions will be granted.

**DISCUSSION**

This case arises from defendant Catholic Relief Services' ("CRS") allegedly wrongful termination of health insurance benefits to Doe's same-sex spouse. (ECF 1 (Complaint)). Doe filed his complaint using a pseudonym, and now seeks permission to continue using the pseudonym in future filings. (ECF 4). Doe also asks that he be permitted to file the version of his complaint that includes his identity under seal. (ECF 5). CRS does not oppose either motion, "provided that Plaintiff is required to identify himself in any live court proceedings and provided further that Plaintiff is required to seek leave of court before making any future filings under seal." (ECF 7 at 2).[1]

As CRS does not oppose Doe's use of a pseudonym in future filings on the public docket, the court only briefly will discuss the applicable standard for such requests. In weighing whether to permit a party to proceed pseudonymously, the court considers: (1) whether the request is "to

---

[1] In his Reply, Doe "acknowledges that, if he believes redaction to be inadequate on certain future documents, such as motion exhibits, he must file separate motions for leave to file those documents under seal." (ECF 10 at 4 n.13).

1

preserve privacy in a matter of sensitive and highly personal nature," rather than "merely to avoid the annoyance and criticism that may attend any litigation"; (2) whether there is "a risk of retaliatory physical or mental harm to the requesting party" or to "innocent" nonparties; (3) the age of the requesting party; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Doe contends that any public interest in his identity is greatly outweighed by his interest in privacy regarding his sexual orientation and same-sex relationship, (ECF 4 at 3–4), and further argues that the balance of the applicable *James* factors weighs in favor of granting his request.[2] CRS appears to take issue only with the suggestion that Doe is at risk of retaliation or harassment by CRS, claims it calls "baseless and offensive." (ECF 7 at 3). The court need not, however, resolve this dispute in order to grant Doe's request to proceed pseudonymously. The court agrees that Doe's interest in privacy is strong. *See Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004) ("[T]he types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as . . . homosexuality." (citations and footnotes omitted)). Although in recent years societal attitudes have become more accepting of the LGBTQ community, prejudice persists, and Doe's wish to keep his true name off public filings in a case of this subject matter is a reasonable one. Even assuming, as the court does, that Doe faces no risk of retaliation or harassment from CRS, the balance of the *James* factors weighs in favor of allowing Doe to proceed pseudonymously. Accordingly, and in light of the absence of specific opposition from CRS, the court will grant Doe's request to proceed pseudonymously in future

---

[2] Doe states that he and his spouse are at risk of retaliatory harm both from CRS and from the public; that there is no risk of unfairness to CRS, which already knows his identity; and there is no especially compelling public interest in this case, as CRS is a private rather than governmental party. The factor related to age does not apply, as Doe is an adult. (*See* ECF 4 at 3–6).

2

filings.

The parties do disagree about whether Doe should be required to identify himself in open court. The court agrees with Doe, however, that resolution of this dispute is premature. (*See* ECF 10 at 1 (Reply)). When and if the time arises, if Doe wishes to maintain his anonymity in open court, he should file an appropriate motion, and the court will consider the parties' arguments at that time.

With respect to Doe's motion to file the version of the complaint that includes his identity under seal, CRS does not oppose the motion, "provided that the Court finds the applicable legal standards satisfied." (ECF 7 at 5). "[T]he public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Pub. Citizen*, 749 F.3d at 265 (collecting cases). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Id.* at 265–66 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "By contrast, the First Amendment secures a right of access only to particular judicial records and documents, and, when it applies, access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." *Id.* at 266 (citations and quotation marks omitted).

Here, under both the common law and First Amendment standards, any public interest in Doe's identity is heavily outweighed by Doe's privacy interest. As explained above, Doe's request to keep his identity out of the public record is reasonable. Moreover, a version of the complaint in which Doe uses a pseudonym will remain on the public docket, meaning that the public will retain access to all aspects of this case except for the identity of the plaintiff. The

3

court finds that denying public access only to Doe's identity is narrowly tailored to balance the right of access with Doe's strong privacy interest. Accordingly, Doe's motion for leave to file under seal the version of the complaint that includes his identity will be granted.

## CONCLUSION

For the foregoing reasons, Doe's motions to proceed pseudonymously (ECF 4) and for leave to file the version of his complaint that includes his identity under seal (ECF 5) will be granted. A separate order follows.

  8/10/20
_____                                            _____/S/_____
Date                                                                                         Catherine C. Blake
                                                                                             United States District Judge