IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CCB-20-1815 |
| | ) | |
| CATHOLIC RELIEF SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JOHN DOE'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF SUMMARY JUDGMENT RULING**

**INTRODUCTION**

"When [Defendant Catholic Relief Services ('CRS')] discriminates against a gay employee like [Plaintiff John] Doe, it 'necessarily and intentionally discriminates against that individual in part because of sex.'" *Doe v. Cath. Relief Servs.*, --- F. Supp. 3d ---, No. CV CCB-20-1815, 2022 WL 3083439, at *10 (D. Md. Aug. 3, 2022) (quoting *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1744 (2020)). Applying this reasoning, on August 3, 2022, the Court correctly concluded, among other things, that CRS violated the Maryland Equal Pay for Equal Work Act's ("MEPWA") prohibition on compensating an employee "at a rate less than the rate paid to employees of another sex" for performing comparable work, Md. Code Ann., Lab. & Empl. § 3-304(b)(1)(i), when it terminated Mr. Doe's dependent health benefits because he is a man married to a man. *See Doe*, 2022 WL 3083439, at *9–10.

Despite the Court's analysis, CRS moves for reconsideration, arguing that the Court purportedly "misunderstood [CRS's] position" as to the relationship between Mr. Doe's claims under MEWPA and the Maryland Fair Employment Practices Act ("MFEPA"). *See generally*

Def.'s Mot. for Recons., ECF No. 63.[1] Specifically, CRS contends that further guidance is needed from the Maryland Court of Appeals concerning its interpretation of MEPWA because "'sex,' 'sexual orientation,' and 'gender identity,' are discrete categories." *Id.* at 2.

Contrary to CRS's assertions, the Court considered and rejected CRS's argument that MEPWA, while covering sex, "does not cover sexual orientation discrimination." *Doe*, 2022 WL 3083439, at *10. Moreover, the Court did not need to address whether MFEPA covered sexual orientation discrimination because the statute explicitly includes it. Rather, the narrow issue that the Court intends to certify to the Maryland Court of Appeals concerning the scope of MFEPA's religious exemption—an exemption absent from MEPWA—has no bearing on the Court's appropriate grant of summary judgment in Mr. Doe's favor under Count III. Accordingly, other than correcting any clerical errors that the Court deems necessary and appropriate, CRS's Motion for Reconsideration concerning Mr. Doe's MEPWA claim should be denied.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(b), "[i]n considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." *Nature-Tech, LLC v. Hartford Fire Ins. Co.*, No. CV DKC 19-2053, 2022 WL 2065875, at *2 (D. Md. June 8, 2022) (quoting *Cohens v. Md. Dep't of*

---

[1] CRS also moves "for correction of a clerical error in the Court's August 3, 2022 Order [ECF No. 62] regarding Count X." Def.'s Mot. for Recons. 1. While Mr. Doe respectfully disagrees with the Court's ruling concerning his retaliation claim and his entitlement to punitive damages, he agrees with CRS that the Court granted summary judgment for CRS on Count X. Mr. Doe defers to the Court as to whether any correction is needed, but maintains that any changes to the Court's Order should clarify that although CRS's Motion for Summary Judgment is GRANTED as to Count X, CRS's Motion for Summary Judgment as to damages *for all other surviving counts* is DENIED, except as to his claim for punitive damages.

*Human Res.*, 933 F.Supp.2d 735, 742–43 (D. Md. 2013)). Where a court has "already considered and rejected the defendants' argument" and where the "issue was thoroughly briefed and argued," denial of the defendant's motion for reconsideration is appropriate. *See HSK v. UnumProvident Corp.*, No. CIV. CCB-12-3373, 2013 WL 5945668, at *1–2 (D. Md. Nov. 5, 2013).

## ARGUMENT

I.  **The Court Correctly Understood and Rejected CRS's Arguments Concerning MEPWA.**

CRS offers nothing to support its conclusion that the Court "misunderstood" its argument concerning MEPWA. Indeed, the Court's Memorandum Opinion reveals the opposite:

> CRS's core argument for reading MEPWA to allow sexual orientation discrimination has two elements. First, the General Assembly amended the law in 2016 to include gender identity but not sexual orientation, which CRS says had to have been an express choice rather than an oversight because it shortly followed the announcement of *Obergefell v. Hodges*, 576 U.S. 644, 135 S. Ct. 2584, 192 L. Ed. 2d 609 (2015), and the rights of gay, lesbian, and bisexual Americans loomed large in the public consciousness at the time. Second, the 2016 updates having preceded *Bostock* by several years, the General Assembly very likely could not have foreseen the U.S. Supreme Court's routing of sexual orientation discrimination through sex discrimination in the Title VII context. Together, CRS argues these two points mean MEPWA does not cover sexual orientation discrimination.

*Doe*, 2022 WL 3083439, at *10.

In rejecting CRS's view that "sex" and "sexual orientation" are distinct categories, the Court correctly reasoned that CRS's argument amounts to a distinction without a difference:

> Despite CRS's arguments for a contrary reading of the statute, the outcome is clear: For the same reasons that a gay county employee could bring a Title VII claim in *Bostock* and . . . in the federal EPA context . . . , Doe will prevail on his state equal pay claim. A woman married to a man would not have lost spousal health insurance benefits as Doe did. When CRS discriminates against a gay employee like Doe, it "necessarily and intentionally discriminates against that individual in part because of sex." *Bostock*, 140 S. Ct. at 1744. Doe will be granted summary judgment on Count III.

3

*Id.*

Thus, "there is no readily apparent error or misunderstanding in the" Court's August 3, 2022 Memorandum Opinion, "which is both 'factually supported and legally justified.'" *Wade v. Corr. Ofc. Christopher Cavins*, No. CV PWG-17-3693, 2019 WL 2410969, at *3 (D. Md. June 7, 2019) (quoting *Chae Bros., LLC v. Mayor & City Council of Balt.*, No. GJH-17-1657, 2019 WL 1040434, at *2 (D. Md. Mar. 5, 2019)). Rather, as this Court has previously noted, "it is unclear to the court why, given the Maryland courts' longstanding practice of looking to federal employment law in interpreting MFEPA and MEPWA, *Bostock* is necessarily irrelevant to the plaintiff's claims." *Doe v. Cath. Relief Servs.*, 529 F. Supp. 3d 440, 447–48 (D. Md. 2021). In short, the Court understood CRS's argument; it simply did not agree with it.[2]

**II.     CRS's Argument for Reconsideration is Based on an Incorrect Interpretation of the Narrow Issues this Court Intends to Certify to the Maryland Court of Appeals.**

CRS incorrectly posits that "[t]his Court understood that any question certified to the Court of Appeals must address not only the religious employer exemption but also the separate treatment of 'sex' and 'sexual orientation' under Maryland law." Def.'s Mot. for Recons. 9. Not so. The Court's Order left no question as to whether MFEPA applied to sexual orientation

---

[2] In suggesting that the Court did not fully appreciate—and ultimately reject—CRS's argument, CRS cites to an Iowa state court decision declining to adopt a plaintiff's claim that "'gender identity' is subsumed within the meaning of 'sex.'" Def.'s Mot. for Recons. 2 (citing *Vroegh v. Iowa Dep't of Corrs.*, 972 N.W.2d 686, 702–03 (Iowa 2022)). Notwithstanding that the *Vroegh* Court blatantly disregarded the Supreme Court's mandate in *Bostock* by stating that it "disagree[s] with the *Bostock* majority on this issue," *id.* at 702, here, this Court correctly concluded that Mr. Doe adequately alleged, and adduced evidence sufficient to prove, that he was discriminated against both on the basis of sex *and* sexual orientation. *See* Pl.'s Compl., ECF No. 1, ¶¶ 7, 17, 47, 52–72, 111; *accord Doe*, 2022 WL 3083439, at *10 (citing *Bostock*, 140 S. Ct. at 1744). "To be sure, that employer's ultimate goal might be to discriminate on the basis of sexual orientation. But to achieve that purpose the employer must, along the way, intentionally treat an employee worse based in part on that individual's sex." *Bostock*, 140 S. Ct. at 1742.

4

discrimination. Nor did the Court leave open the meaning of "sex" under MFEPA. Rather, the Court "ask[ed] counsel to confer and propose a joint question of law treating the proper *interpretation of MFEPA's religious exemption* either in line with, or departing from, Title VII." *Doe*, 2022 WL 3083439, at *9 (emphasis added). Thus, the only relevant issue for the Court of Appeals is the scope of MFEPA's religious exemption. As this Court correctly explained, "MEPWA contains no religious exception to speak of." *Id.* at *10. Thus, the Court's correct interpretation of MEPWA has no bearing on the Certified Question of Law to be presented to Maryland's highest court.

Nor did the Court, as CRS suggests, "decline[] to certify Plaintiff's proposed question" concerning MFEPA. Def.'s Mot. for Recons. 9. Rather, the Court explained that "Doe's opening brief proposed a *potential framing of a question* for certification to the court of appeals." *Doe*, 2022 WL 3083439, at *9 (emphasis added). The Court then provided the Parties with an opportunity to either jointly adopt Mr. Doe's proposed question or refine it after conferring among themselves. *Id.* CRS's mischaracterization of the Court's Memorandum Opinion highlights that the Court did not "patently misunder[stand]" CRS's arguments, *Nature-Tech*, LLC, 2022 WL 2065875, at *2; rather, it "already considered and rejected" the arguments that CRS fully briefed, *HSK* 2013 WL 5945668, at *1.

Because the Court did not "obviously misapprehend[] [CRS's] position or the facts or applicable law," *Nature-Tech, LLC*, 2022 WL 2065875, at *2, and because the Court has only indicated that it will certify to the Court of Appeals the narrow issue concerning the scope of MFEPA's religious exemption, CRS's Motion for Reconsideration should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff John Doe respectfully requests that this Court deny CRS's Motion for Reconsideration of Summary Judgment Ruling.

5

Respectfully submitted,

/s/ Eve L. Hill
Eve L. Hill, Esq. (Bar No. 19938)
Anthony J. May, Esq. (Bar No. 20301)
Lauren DiMartino, Esq. (Bar No. 22046)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold.com
amay@browngold.com
ldimartino@browngold.com

Shannon C. Leary, Esq. (Bar No. 18396)
James A. Hill, Esq. (Bar No. 21718)
GILBERT EMPLOYMENT LAW, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Sleary-efile@gelawyer.com
Jhill-efile@gelawyer.com

*Counsel for Plaintiff*