IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN DOE,

v.                                    Civil No. CCB-20-1815

CATHOLIC RELIEF SERVICES.

**MEMORANDUM**

Catholic Relief Services, the defendant in this workplace discrimination lawsuit, seeks partial reconsideration of the court's decision on the parties' cross-motions for summary judgment and correction of a clerical error in the court's order on those motions. Mot. for Partial Recons. of Summ. J. Ruling, ECF No. 63. For the following reasons, the court will grant the motion.

On August 8, 2022, the court issued an opinion and order granting the plaintiff's motion for summary judgment on Counts III, VIII, and IX; granting the defendant's motion for summary judgment on Count X; and denying without prejudice both parties' motions for summary judgment on Counts I and II pending a certified question to the Supreme Court of Maryland. Mem., ECF 61; Order, ECF 62. The motion for reconsideration involves the court's decision granting summary judgment for the plaintiff on Count III; the motion to correct a clerical error concerns the court's order on Count X.[1]

The court starts with the motion for reconsideration. Under Federal Rule of Civil Procedure 54(b), the court may modify a judgment "that adjudicates fewer than all the claims . . .

---

[1] At the time the court decided the motions for summary judgment, and when this motion was briefed, Maryland's high court was known as the Maryland Court of Appeals. The voters of Maryland have since amended their constitution to rename the Maryland Court of Appeals the Supreme Court of Maryland. *See* 2021 Maryland Laws Ch. 83 (H.B. 885). The court now refers to it as such.

1

at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Here, Catholic Relief Services ("CRS") requests modification of a narrow portion of the decision on the parties' cross-motions for summary judgment. Specifically, CRS asks the court to certify to the Supreme Court of Maryland the question of whether the Maryland Equal Pay for Equal Work Act ("MEPWA") prohibits discrimination on the basis of sexual orientation. The court has already determined that it will certify a similar question to the Supreme Court of Maryland, namely, whether certain religious entities may discriminate because of sexual orientation under the Maryland Fair Employment Practices Act ("MFEPA").

These two antidiscrimination statutes—MEPWA and MFEPA—are related but distinct. MEPWA prohibits wage and benefit discrimination between employees on the basis of "sex" or "gender identity"; MFEPA prohibits broader categories of employment discrimination, and applies to discrimination on the basis of, among other things, "sex," "gender identity," and "sexual orientation." Md. Code Ann., Lab. & Empl. § 3-304; Md. Code Ann., State Gov't § 20-606. The former statute, MEPWA, contains no exceptions for religious employers. The latter, MFEPA, exempts certain religious organizations "with respect to the employment of individuals of a particular . . . sexual orientation[] or gender identity"—but not sex. Md. Code Ann., State Gov't § 20-604(2).

In its decision on the motions for summary judgment, the court recognized that the U.S. Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020) looms large in interpreting both statutes. The *Bostock* court held that when an employer intentionally discriminates against an employee based on sexual orientation, it also "necessarily and intentionally discriminates against that individual in part because of sex." *Bostock*, 140 S. Ct. at 1744. Thus, in ruling on the motions for summary judgment, this court held that MEPWA's

proscription of sex-based wage discrimination also "necessarily" prohibits discrimination based on sexual orientation. Mem. at 20. But in interpreting MFEPA's religious exemption—the text of which creates an exception for discrimination because of sexual orientation but not sex—the court concluded that reconciling the statute with *Bostock* involved "important issues of state public policy" best resolved by the Supreme Court of Maryland.

After careful reflection, the court now concludes that it is in the interest of both the parties and judicial economy to certify both questions to the Supreme Court of Maryland. That court's resolution of the MFEPA question will inevitably involve a survey of Maryland's anti-discrimination statutes more broadly, and presenting both questions simultaneously will offer the court a vehicle for issuing an opinion that harmonizes these statutes. It will also provide important guidance to this court, and potentially the Fourth Circuit, in this and other cases. Finally, it will promote the smooth progression of this case following the Supreme Court of Maryland's response by preempting the further delays that would follow should a decision isolated to MFEPA invite a successive certified question or motion for reconsideration—a result the court suspects would be all but inevitable regardless of the disposition of the MFEPA question. And these benefits accrue with minimal prejudice to the plaintiff, whose suit will remain on hold whether this court certifies one question or two and who is unlikely to encounter meaningful additional delay as a consequence of certifying the additional question. For all these reasons, the court will grant the motion for reconsideration.

Next, the motion to correct a clerical error in the court's August 8, 2022, order is also warranted. Rule 36 authorizes the court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission," Fed. R. Crim. P. 36. The court's August 2022 opinion granted summary judgment for

3

CRS on Count X, Mem. at 22, but its order stated that "CRS's motion for summary judgment on Count X and as to damages is Denied," Order ¶ 2 (emphasis omitted). The court will amend that order to properly reflect that the defendant's motion for summary judgment on Count X was granted.

      In sum, the court will grant both the motion for reconsideration and the motion to correct a clerical error. A separate order follows.

    1/11/2023                                                      /s/

Date                                                                 Catherine C. Blake
                                                                      United States District Judge