IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: CCB-20-1815 |
| | ) | |
| CATHOLIC RELIEF SERVICES, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER CERTIFYING CONTROLLING QUESTIONS
OF MARYLAND LAW TO THE SUPREME COURT OF MARYLAND**

Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 12-601, *et seq.*, the requirements of Md. Code Ann., Cts. & Jud. Proc. § 12-606, and for good cause shown, this Court hereby certifies the following questions of law, the answers to which may be determinative of issues pending in litigation before the Court, to the Supreme Court of Maryland[1]:

  I.    Whether the prohibition against sex discrimination in the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606, prohibits discrimination on the basis of sexual orientation.

  II.    Whether, under Md. Code Ann., State Gov't § 20-604(2), the Maryland Fair Employment Practices Act applies to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular sexual orientation or gender identity to perform work connected with all activities of the religious entity or only those activities that are religious in nature.

  III.    Whether the prohibition against sex discrimination in the Maryland Equal Pay for Equal Work Act, Md. Code Ann., Lab. & Empl. § 3-304, prohibits discrimination on the basis of sexual orientation.

---

[1] The Court and the parties acknowledge that the Supreme Court of Maryland may reformulate these questions.

## STIPULATED FACTS

The Court's certification order arises from the following factual and procedural background as stipulated to by the parties:

1. Defendant Catholic Relief Services—United States Conference of Catholic Bishops ("CRS") is a 501(c)(3) Catholic Church social services agency constituted by the United States Conference of Catholic Bishops.

2. Among those Catholic teachings to which CRS subscribes is the Catholic understanding that marriage is between one man and one woman and ordered to the procreation of children.

3. Plaintiff John Doe is a gay, cisgender man married to another man.[2]

4. In 2016, Mr. Doe attended a job fair where he met CRS recruiter Anna Cowell. Mr. Doe and Ms. Cowell discussed generally available positions at CRS, and Ms. Cowell subsequently followed up with Mr. Doe about pursuing a data analyst position with CRS.

5. During his conversations with Ms. Cowell, Mr. Doe asked whether CRS would provide health benefits to his same-sex spouse and Ms. Cowell told Mr. Doe that all dependents are covered.

6. CRS subsequently hired Mr. Doe as a Program Data Analyst in June 2016.

7. Mr. Doe's position is not the type of position that is covered by the First Amendment's ministerial exception, as that doctrine is discussed in *Hosanna-Tabor Evangelical Lutheran Church & School v. EEOC*, 565 U.S. 171 (2012), and *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020). It focuses on advancing and facilitating select

---

[2] On August 10, 2020, this Court granted Mr. Doe's Motion to Proceed Pseudonymously, ECF No. 4, and permitted Plaintiff to file his Complaint under seal, ECF No. 12.

business functions within CRS's Gateway business platform and project portfolio system through an online platform known as Salesforce.

8. Over the course of his employment, Mr. Doe has held various positions at CRS, including Program Data Analyst, Gateway User Support (Advisor I) and Gateway Data Quality and Analytics Advisor (Advisor II).

9. In those roles, Mr. Doe's responsibilities included, *inter alia*, reporting and data analytics, providing support to CRS Gateway users, collaborating with other team members regarding development of content for trainings and presentations, and making system enhancements to Gateway.

10. Mr. Doe's job responsibilities concerning the improvement, enhancement, design, utilization, and training of the Gateway system mirrored those of his straight colleagues.

11. Upon his hiring in June of 2016, Mr. Doe enrolled his same-sex spouse through CRS's benefits enrollment system. CRS accepted the enrollment.

12. Several months after Mr. Doe's spouse was enrolled in CRS's benefits program, Debra Jones, then Benefits and Staff Care Manager for CRS, alerted her superior, David Palasits, Acting Executive Vice President for Human Resources, that Plaintiff had been misinformed about his spouse's eligibility for benefits and had been enrolled in error.

13. On November 10, 2016, Ms. Jones informed Mr. Doe that CRS did not provide spousal health benefits to employees in same-sex relationships and that CRS had mistakenly approved the enrollment of his same-sex spouse.

14. Following the conversation between Ms. Jones and Mr. Doe, CRS personnel conferred with Mr. Doe about a potential coverage alternative, but the parties were unable to reach an agreement.

15. CRS terminated Mr. Doe's spouse's health benefits effective October 1, 2017.

16. CRS terminated Mr. Doe's spousal health benefits because it considers the provision of those benefits to be contrary to its Catholic values.

17. On June 1, 2018, Mr. Doe timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against CRS.

18. On May 27, 2020, the EEOC issued a right to sue letter, which Mr. Doe received on June 1, 2020.

19. On June 12, 2020, Mr. Doe filed a civil lawsuit against CRS in the United States District Court for the District of Maryland for claims arising under, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, the federal Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d)(1), the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't §§ 20-601 *et seq.*, and the Maryland Equal Pay for Equal Work Act ("MEPEWA"), Md. Code Ann., Lab. & Empl. §§ 3-301 *et seq.*[3] Only the Maryland state laws are at issue in this certification order.

20. MFEPA provides: "An employer may not: (1) fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of: (i) the individual's race, color, religion, sex, age, national origin, marital status, sexual orientation, gender identity, genetic information, or disability unrelated in nature and extent so as to reasonably preclude the performance of the employment[.]" Md. Code Ann., State Gov't § 20-606.

---

[3] Mr. Doe filed additional claims against CRS pursuant to state statutory and common law, which this Court subsequently dismissed. *See generally* ECF Nos. 23 & 24.

4

21. MFEPA "does not apply to . . . (2) a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion, sexual orientation, or gender identity to perform work connected with the activities of the religious entity." Md. Code Ann., State Gov't § 20-604.

22. CRS is a "religious corporation" within the meaning of MFEPA.

23. MEPEWA provides: "An employer may not discriminate between employees in any occupation by . . . paying a wage to employees of one sex or gender identity at a rate less than the rate paid to employees of another sex or gender identity if both employees" perform comparable work in similar positions. Md. Code Ann., Lab. & Empl. § 3-304(b)(1)(i).

24. The parties filed cross-motions for summary judgment, and, on August 3, 2022, this Court entered an Opinion and Order granting in part and denying in part the parties' cross-motions. *See* ECF Nos. 61 & 62.

25. With respect to Mr. Doe's federal claims under Title VII and the EPA, this Court concluded, *inter alia*, that:

   a. CRS violated Title VII when it revoked Mr. Doe's dependent health insurance because of his sex—in particular, that he was a man married to another man, which CRS does not cover under its medical insurance plan, and that no exceptions under Title VII permitted CRS to terminate Mr. Doe's spouse's dependent benefits;

   b. CRS violated the federal EPA because it provides dependent benefits for the male spouses of female employees who perform work of similar skill and effort as Mr. Doe, but refused to provide such benefits to Mr. Doe because he is a man married to a man; and

   c. The Religious Freedom Restoration Act restricts the government, rather than private parties, and is inapplicable as an affirmative defense for CRS to Mr. Doe's claims.

*See generally* ECF No. 61 at 7–15.

26. As to Mr. Doe's claims arising under MFEPA, this Court concluded that interpreting MFEPA involves important issues of state public policy affecting the intersection of religious freedom and antidiscrimination law and, accordingly, the Court asked counsel for the parties to confer and propose a joint question of law regarding the proper interpretation of MFEPA's religious exemption either in line with, or departing from, Title VII.

27. As to Mr. Doe's claims under the MEPEWA, the Court initially concluded that CRS violated MEPEWA because a woman married to a man would not have lost spousal health insurance benefits as Mr. Doe did.

28. On August 15, 2022, CRS moved for reconsideration of the Court's summary judgment ruling with respect to Plaintiff's MEPEWA state law claim (Count III). ECF No. 63.

29. On January 11, 2023, this Court granted CRS's motion and ordered the parties to confer and file proposed questions of law concerning MFEPA and MEPEWA, ECF No. 67, which the parties jointly submitted to the Court for consideration on February 1, 2023, ECF No. 68.

30. Upon consideration of the parties' joint submission, this Court determined that the three certified questions proposed above were appropriate for resolution by the Supreme Court of Maryland.

Accordingly, for the foregoing reasons, it is hereby:

**ORDERED** that the above three questions shall be certified to the Supreme Court of Maryland for resolution; and it is further

**ORDERED** that Plaintiff John Doe shall be treated as the Appellant in the certification procedure before the Supreme Court of Maryland; and it is further

**ORDERED** that the Clerk of this Court shall transmit to the Supreme Court of Maryland, under the official seal of this Court, the original and seven copies of this Order and the docket entries in this case, together with the original and seven copies of the summary judgment papers filed by the parties with this Court; and it is further

**ORDERED** that the Clerk of this Court shall otherwise fulfill any request for all or part of the record simply upon notification from the Clerk of Court for the Supreme Court of Maryland; and it is further

**ORDERED** that the parties shall provide two checks to the Clerk of this Court payable to the Clerk of the Supreme Court of Maryland for their respective halves of the filing fee for docketing regular appeals as required by Maryland Rule 8-305(b); and it is further

**ORDERED** that all further proceedings in this Court are **STAYED** pending the receipt of the written opinion of the Supreme Court of Maryland stating the law governing the questions certified, or, if the Supreme Court of Maryland declines to accept the certified questions, notice of same; and it is further

**ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending receipt of the written opinion or declination of the Supreme Court of Maryland.

Counsel of Record:

Eve L. Hill, Esq. (Bar No. 19938)
Anthony J. May, Esq. (Bar No. 20301)
Lauren DiMartino, Esq. (Bar No. 22046)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold.com
amay@browngold.com
ldimartino@browngold.com

Shannon C. Leary, Esq. (Bar No. 18396)
James A. Hill, Esq. (Bar No. 21718)
GILBERT EMPLOYMENT LAW, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, Maryland 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Sleary-efile@gelawyer.com
Jhill@gelawyer.com

*Counsel for Plaintiff*

David W. Kinkopf (Bar No. 23366)
Joseph C. Dugan (Bar No. 19637)
Collin J. Wojciechowski (Bar No. 21112)
Emily A. Levy (Bar No. 21403)
GALLAGHER EVELIUS & JONES LLP
218 N. Charles Street, Ste. 400
Baltimore, Maryland 21201
Tel: (410) 951-1421
Fax: (410) 468-2786
dkinkopf@gejlaw.com
jdugan@gejlaw.com
cwojciechowski@gejlaw.com

*Counsel for Defendant*

**SO ORDERED** this 21st day of February, 2023.

_____/s/_____
Hon. Catherine C. Blake
United States District Judge