| | |
|---|---|
| **From:** | Anthony May |
| **To:** | Joe Dugan; Lauren A. DiMartino; James A. Hill |
| **Cc:** | Dave Kinkopf; Brandon K. Wharton; Eve Hill; Shannon Leary |
| **Subject:** | [EXTERNAL] RE: Doe v. CRS -- substantial burden evidence |
| **Date:** | Friday, October 11, 2024 2:51:12 PM |
| **Attachments:** | image001.png |



Joe,

As you can understand, given we are only a few days from trial, Plaintiff objects to adding additional evidentiary issues at this late stage that the parties have not previously contemplated and does not intend to join in any request to offer evidence on CRS's substantial burden at the upcoming two-day bench trial. While Judge Blake may not have opined on the state-specific laws, she rejected CRS's constitutional challenge with respect to Title VII and the federal Equal Pay Act. ECF No. 61 at 13. We see no reason why the Court's analysis would differ under Maryland's parallel statutes, particularly as the Supreme Court of Maryland has already explained that its interpretation of the exemption is the "narrowest reasonable reading," *Doe v. Cath. Relief Servs.*, 484 Md. 640, 666–67 (2023), and that MFEPA's exemption is "facially constitutional under Article 36 of the Declaration of Rights[.]" *Id.* at 675, n.21. Although Plaintiff's position is that CRS's now as-applied challenge similarly lacks merit, and Plaintiff reserves his right to challenge CRS's claim on all grounds, including waiver, it seems premature to add additional factual issues, which the Court may dispose of as a matter of law, to an already truncated trial days before we're set to begin. And as we are only a few days from trial, we are not in a position to evaluate the extensive summary judgment record at this time to determine whether it would be sufficient to decide the issue, should the Court reach it. Our preference would be to proceed as scheduled and, should the Court find in CRS's favor regarding its constitutional challenge, defer to an additional day to provide evidence as to how CRS's religious practice would not be substantially burdened under the circumstances.

Sincerely,

**Anthony J. May**
Partner

**BROWN GOLDSTEIN & LEVY**
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
T 410.962.1030 x9446
F 410.385.0869
E amay@browngold.com
Pronouns: he/him/his

**About Brown, Goldstein & Levy, LLP**
Brown, Goldstein & Levy handles both civil and criminal litigation and has active practices in many other areas of the law, including family law, disability rights, and health care. For more information, visit browngold.com.
CONFIDENTIALITY: This email and any attachments are confidential, except where the email states it

**Exhibit 1**

can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system. Thank you.

**From:** Joe Dugan <jdugan@gejlaw.com>
**Sent:** Thursday, October 10, 2024 5:40 PM
**To:** Anthony May <AMay@browngold.com>; Lauren A. DiMartino <ldimartino@browngold.com>; James A. Hill <Jhill@gelawyer.com>
**Cc:** Dave Kinkopf <dkinkopf@gejlaw.com>; Joe Dugan <jdugan@gejlaw.com>; Brandon K. Wharton <bwharton@gejlaw.com>; Eve Hill <EHill@browngold.com>; Shannon Leary <sleary@gelawyer.com>
**Subject:** Doe v. CRS -- substantial burden evidence

**SECURITY ALERT:** This email is from an external source.

Anthony, Lauren, and AJ,

As you will have seen in our portion of the JPTO, CRS intends to renew our First Amendment free exercise defense in the event that the Court finds that John Doe did not directly further a core mission of the agency. If the Court agrees with CRS that MFEPA is not neutral and generally applicable, then before the Court would conduct a strict scrutiny analysis, the Court would have to find a substantial burden on CRS's religious exercise. CRS, of course, bears the burden to establish a substantial burden. You will recall that both sides addressed these issues (substantial burden, strict scrutiny) at the summary judgment stage, but Judge Blake did not decide the issues, since she concluded that Title VII is neutral and generally applicable. Judge Blake did not address CRS's First Amendment defense as to MFEPA.

Because both sides were persuaded that the issues of substantial burden and strict scrutiny could be resolved as a matter of law at the summary judgment stage, but because Judge Blake did not decide those issues (because she concluded it was unnecessary to do so in light of her threshold neutral-and-generally-applicable ruling as to Title VII, and her certification of questions as to MFEPA), it strikes us that we could simply ask Judge Rubin to consider the summary judgment record as to these issues <u>if</u> Judge Rubin (i) reaches the constitutional question and (ii) finds that MFEPA is not neutral and generally applicable. This would eliminate any need for us to spend time at trial addressing these subjects, which both sides viewed as summary judgment issues. To that end, I suggest that we jointly propose to Judge Rubin that, should she reach the free exercise defense, she should then consult the summary judgment record and determine whether she can resolve substantial burden and strict scrutiny as a matter of law based on that briefing.

However, if you do not want to make this joint proposal, or if Judge Rubin finds the proposal deficient, then our inclination is to present two suggestions to the Court: (i) CRS could put on a substantial burden case through our previously disclosed trial witnesses; or (ii) the Court could defer on the issue altogether and then schedule a supplemental evidentiary proceeding if, but only if, the Court reaches the free exercise defense.

I apologize that I did not raise this issue during our meet and confer earlier this week, but frankly,

this evidentiary issue only occurred to me last night as I was mulling over the various arguments.  I had been oriented around thinking of trial as solely about core mission and direct furtherance, but since our free exercise defense is still alive and we bear the burden to establish a substantial burden,  we need to make sure that Judge Rubin has access to a record to decide that issue.

Let us know how you'd prefer to proceed here, and thanks,
Joe

**Joe Dugan**
TEL: 410 951 1421 / CELL: 812 219 7375 / FAX: 410 468 2786
218 N Charles Street, Suite 400, Baltimore, MD 21201
jdugan@gejlaw.com



This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.